UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:22-cv-60764

KAYLA TERRY, JENNIFER AYME, and
MARTHA AYME, individually and
on behalf of those similarly situated,

    **Plaintiff**,

v.

KENDALL CREDIT AND BUSINESS
SERVICE INC,

    **Defendant**.

_____/

## AMENDED CLASS ACTION COMPLAINT

Plaintiffs Kayla Terry, Jennifer Ayme, and Martha Ayme, (collectively the "Plaintiffs") sues Defendant Kendall Credit and Business Service Inc. (the "Defendant") for violations of the Florida Consumer Collection Practices Act (the "FCCPA") and the Fair Debt Collection Practices Act (the "FDCPA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to 28 U.S.C. § 1367.

3. Venue in this District is proper because Plaintiffs reside here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

PAGE | **1** of 7

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

4. Plaintiffs are natural persons, and citizens of the State of Florida, residing in Miami-Dade County, Florida.

5. Defendant is a Florida corporation, with its principal place of business located in Miami, Florida.

## DEMAND FOR JURY TRIAL

6. Plaintiffs, respectfully, demand a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

7. On a date better known by Defendant, Defendant began attempting to collect debts (the "Consumer Debts") from Plaintiffs.

8. The Consumer Debts are obligations allegedly had by Plaintiffs to pay money arising from transactions between the creditors of the Consumer Debts and Plaintiffs involving the provision of medical services (the "Subject Services").

9. The Subject Services were primarily for personal, family, or household purposes.

10. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

11. Defendant is a business entity engaged in the business of collecting consumer debts.

12. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. Defendant is not lawfully registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

14. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

15. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

16. For example, Defendant maintains and keeps up-to-date within seven (7) days the records required by, *inter alia*, Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11).

17. Further, Defendant has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

18. Defendant cannot lawfully collect consumer debts from Florida consumers because Defendant failed to maintain a valid registration.

19. Defendant is a "debt collector" withing the meaning of 15 U.S.C. § 1692a(6).

20. Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

21. On a date better known by Defendant, Defendant transmitted Plaintiffs' personal information to a third-party (the "Third-Party").

22. The personal information Defendant transmitted to the Third-Party included, but was not limited to: **[1]** Plaintiffs' names; **[2]** Plaintiffs' addresses; **[3]** the existence of the Consumer Debts; **[4]** the amount of the Consumer Debts; **[5]** the creditors of the Consumer Debts; **[6]** that Plaintiffs were the alleged debtors of the Consumer Debts; **[7]** information regarding the Subject Services; and **[8]** that Plaintiffs did not pay the Consumer Debts and/or defaulted on the Consumer Debts (collectively, the "Transmitted Information").

23. The Third-Party, of whom Defendant transmitted Plaintiffs' personal information to, compiled Plaintiffs' personal information and prepared letters that were to be sent to Plaintiffs in an attempt to collect the Consumer Debts.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

24. Defendant's transmission of Plaintiffs' personal information to the Third-Party was a communication in connection with the collection of the Consumer Debts.

25. In addition to transmitting Plaintiffs' personal information to the Third-Party, Defendant also transmitted Plaintiffs' personal information to *other* third-party entities in connection with the collection of the Consumer Debt. Defendant transmitted such information to these *other* third-party entities by, *including but not limited to*: **[1]** utilizing "skip trace" services; **[2]** utilizing bankruptcy, SCRA, probate and other "scrubbing" services; and **[3]** utilizing independent third-party contactors to attempt to collect the Consumer Debts from Plaintiffs.

26. On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Plaintiff Kayla Terry, of which was internally dated October 3, 2021, ("Collection Letter A") in an attempt to collect the Consumer Debt.

27. Attached as Exhibit "A" is a copy of the Collection Letter A sent to Plaintiff Kayla Terry.

28. Collection Letter A sent to Plaintiff Kayla Terry is an action to collect debt by Defendant.

29. On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Plaintiff Jennifer Ayme, of which was internally dated September 26, 2021, ("Collection Letter B") in an attempt to collect the Consumer Debt.

30. Attached as Exhibit "B" is a copy of Collection Letter sent to Plaintiff Jennifer Ayme.

31. Collection Letter B sent to Plaintiff Jennifer Ayme is an action to collect debt by Defendant.

Law Offices of Jibrael S. Hindi, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

32. On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Plaintiff Martha Ayme, of which was internally dated August 7, 2021, ("Collection Letter C") in an attempt to collect the Consumer Debt.

33. Attached as Exhibit "C" is a copy of Collection Letter C sent to Plaintiff Martha Ayme.

34. Collection Letter C sent to Plaintiff Martha Ayme is an action to collect debt by Defendant.

35. Defendant is an entity required to register as a consumer collection agency with the Florida Department of State, *as per* Fla. Stat. § 559.553(1), to lawfully collect consumer debts from Florida consumers.

36. Defendant is not lawfully licensed to collect consumer debts from Florida consumer in accordance with Fla. Stat. § 559.553.

37. Defendant does not fall within any of the exemptions contained within Fla. Stat. § 559.553(3).

38. Defendant cannot legally collect, or attempt to collect, the Consumer Debts from Plaintiffs without first registering, and thereafter maintaining, a valid consumer collection agency license in accordance with Fla. Stat. §§ 599.553(1) & (2).

39. Defendant's collection activities against Plaintiffs constitute a criminal misdemeanor under Florida law. *See* Fla. Stat. § 559.785.

## COUNT 1
## VIOLATION OF 15 U.S.C. § 1692e, e(2)(A), e(5), & § 1692e(10)

40. Plaintiff incorporates by reference ¶¶ 7-39 of this Complaint.

41. Defendant is liable to Plaintiff for attempting to collect the Consumer Debt from Florida from Plaintiff without first registering and, thereafter, maintaining a valid consumer collection agency license in accordance with the with Florida law. Fla. Stat. § 559.553.

42. Here, Defendant mailed the Collection Letters to Plaintiffs in an attempt to collect the Consumer Debts, and in so doing, Defendant engaged in activity which Florida requires licensure to be valid and otherwise lawful; however, at all times relevant, Defendant was not registered as a consumer collection agency with the Florida Department of State, as required by Fla. Stat. § 559.553.

43. Defendant's failure to obtain a consumer debt collection license, as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida violates 15 U.S.C. § 1692e & e(10) because attempting to collect a debt while not licensed as required by Florida law is a false, deceptive, and misleading practice.

44. Defendant's failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violates 15 U.S.C. § 1692e(2)(A) because attempting to collect a debt and/or actually collecting a debt while not licensed as required by Florida law constitutes a false representation of the character and legal status of the underlying debt.

45. Defendant's failure to obtain a consumer collection agency license, as mandated by Florida Statutes § 559.553, while attempting to collect consumer debts from Florida consumers is a violation of 15 U.S.C. § 1692e(5) because the Collection Letters are a threat to take action that cannot be legally be taken. For example, the Collection Letters cause the least sophisticated consumer to believe that Defendant may lawfully collect or even attempt to collect the Consumer Debts when, in reality, Defendant had no such authority or lawful ability.

46. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory and actual damages as provided by 15 U.S.C. § 1692k;

(b) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

(c) Any other relief that this Court deems appropriate under the circumstances.

Dated: April 20, 2022

Respectfully Submitted,

 /s/ Jennifer G. Simil
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:	jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:	tom@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail:	jen@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:	954-907-1136
Fax:	855-529-9540

*COUNSEL FOR PLAINTIFF*